UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY TAMAKLOE,

Plaintiff,

v.

VERTEX AEROSPACE, LLC,

Defendant.

Case No.: 1:24-cv-00053-KES-CDB

ORDER GRANTING STIPULATION TO AMEND SCHEDULING ORDER AS MODIFIED

(Doc. 35)

ORDER STAYING ACTION *SUA SPONTE* PENDING MEDIATION AND DIRECTING PERIODIC STATUS REPORTS

**Background**

Plaintiff Larry Tamakloe initiated this action with the filing of a complaint on January 10, 2024, against Defendant Vertex Aerospace, LLC. (Doc. 1). The Court entered the operative scheduling order on September 3, 2025. (Doc. 34).

Pending before the Court is the stipulated request of the parties to amend the scheduling order. (Doc. 35). In support, the parties represent that they have scheduled a mediation with Angela Reddick-Wright on February 3, 2027, the first date of availability. *Id.* at 4. Additionally, Plaintiff's counsel Laura Michelle Hartman, who is most familiar with the case and has "performed nearly all the substantive work in this action," is "scheduled to begin maternity leave in early August and expects to remain out for three to four months"; the parties state that, as the scheduling order was issued

approximately 11 months prior to Ms. Hartman's leave, counsel "could not have anticipated her absence during this critical period at the time of the scheduling conference." *Id.* at 5. The parties assert that, if the case management dates are not continued, they would be unable to proceed with mediation "because they would incur nearly all the costs associated with litigation prior to the mediation date." *Id.* at 6.

**Governing Authority**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Courts have the power to consider stays *sua sponte*." *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017); *see also Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2018 WL 11282678, at *1 (S.D. Cal. Feb. 16, 2018); *Ward v. Batra*, No. 1:21-CV-00929-SKO (PC), 2025 WL 3120243, at *1 (E.D. Cal. Nov. 5, 2025).

Three factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

**Discussion**

The parties seek substantial extensions of all the case management dates so that they may proceed with mediation on February 3, 2027, without spending significant resources, and to accommodate maternity leave for lead counsel for Plaintiff. *See* (Doc. 35). Thus, the Court finds that factors (1) and (2) above weigh in favor of granting the stay. As to factor (3), the Court looks to how a stay may simplify or complicate the issues. The Court must consider "the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. The Court finds that staying the case will likely help simplify the issues, as the parties may be able to resolve such issues during the course of the mediation.

Based on the parties' representations, and for good cause shown, the Court shall grant the parties'

joint stipulated request as modified. In lieu of extension, the Court will vacate all case management dates and stay the case pending mediation. The Court will direct the parties to file periodic status reports regarding mediation every 120 days and upon conclusion of the mediation.

The Court expects that, once mediation is complete, the parties will be prepared to complete discovery promptly thereafter and proceed with litigating the action. The parties are admonished that, in light of the substantial time afforded to complete mediation, no further extensions of any case management dates will be granted absent the parties showing of extraordinary circumstances.

**Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is STAYED pending the parties' completion of mediation.
2. The parties SHALL file a joint report addressing the status of the mediation 120 days from the date of entry of this order, and thereafter, every 120 days and within 14 days of the aforementioned mediation being concluded. The parties' final joint report upon the resolution of the mediation must set forth the parties' positions concerning further scheduling of the case.
3. The case management dates in the operative scheduling order (Doc. 34) are VACATED, to be reset upon conclusion of mediation.

IT IS SO ORDERED.

Dated: **July 21, 2026**

UNITED STATES MAGISTRATE JUDGE